STATE OF NORTH CAROLINA v. BETTY LOU EVANS

No. 249A85

(Filed 2 July 1986)

**Parent and Child § 2.2; Homicide § 21.9— death of child—evidence sufficient**

There was sufficient evidence in a prosecution for involuntary manslaughter from which a jury could find beyond a reasonable doubt that death resulted from the child's having been violently handled or shaken, and that defendant was the child's exclusive custodian at the time the injuries causing death occurred.

BEFORE *Allsbrook, J.*, at the 5 March 1984 Criminal Session of NASH County Superior Court, defendant was convicted of involuntary manslaughter and sentenced to the presumptive three years' imprisonment. A divided panel of the Court of Appeals found no error in the trial in a decision reported at 74 N.C. App. 31, 327 S.E. 2d 638 (1985). Appeal by defendant pursuant to N.C.G.S. § 7A-30(2).

*Lacy H. Thornburg, Attorney General, by George W. Boylan, Assistant Attorney General, for the state.*

*Ralph G. Willey, III, for defendant appellant.*

PER CURIAM.

We conclude the decision of a majority of the Court of Appeals panel should be affirmed.

We disagree with the view of the dissenter below that the state's evidence is insufficient to show the cause of death. The pathologist who performed the autopsy described in detail a number of "superficial" injuries he found to the child's body, including scratches and abrasions of her forehead, neck, cheek, mouth, arms, shoulder, buttock, upper thigh, and in and around her ear. Some of these were "pattern-type injuries, the indication being

that although they are not continuous, they may all have been caused at the same time . . . ." The pathologist also found a subdural hematoma, or bleeding inside the skull, which in his opinion could have been caused by someone having shaken the child. In the pathologist's opinion death was caused by a "combination of these bruises and injuries, soft tissue and blunt-type injuries, specifically an injury to the head." He said the subdural hematoma "was a direct and significant cause of death." Clearly this is substantial evidence from which a jury could find beyond a reasonable doubt that death resulted from the child's having been violently handled, or shaken, an act which produced both the pattern-type bruises and abrasions and the subdural hematoma.

We also disagree with the dissenter below that the state's evidence is insufficient to show defendant had exclusive custody of the child when the fatal injuries were inflicted. On this point the state offered defendant's out-of-court statement that she was alone with the child on 10 August 1983 at approximately 3 p.m. when she discovered the child in distress. The child's eyes "didn't look right," and the child "was not breathing." Defendant's efforts to revive the child being unsuccessful, she called her husband to come home. He returned and they both took the child to the hospital. Defendant had been alone with the child that day since around 10:30 or 11 a.m. when she was with the child and her husband at Greenfield Apartments where her husband worked. Another witness, Edel Elsayed, who managed the apartments, observed the child with defendant in the morning of 10 August 1983 in his office for approximately ten to fifteen minutes. The child appeared normal. Elsayed observed no scratches, bruises, or other injuries on the child. Elsayed also observed defendant leave the apartments with the child "going to the store," unaccompanied by defendant's husband who remained at the apartments on his job. Later that afternoon at about 3 p.m., Elsayed observed defendant's husband leave the apartments early "because something happened to the little girl." This evidence is quite sufficient to permit a jury to find beyond a reasonable doubt that defendant was the child's exclusive custodian at the time the injuries causing death occurred.

We note defendant has not been accused or convicted of intentionally killing the child. She has been accused and convicted only of involuntary manslaughter, which is the unintentional kill-

ing of another (1) by an unlawful act not amounting to a felony or (2) by an act or omission amounting to culpable negligence. *State v. Wilkerson*, 295 N.C. 559, 247 S.E. 2d 905 (1978).

Accordingly, the decision of the Court of Appeals is

Affirmed.